**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| COAST 360 FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD T. DAMIAN<br><br>Defendant. | CIVIL CASE NO. CV0500-17<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 24, 2019, upon the Plaintiff's Motion for Sanctions filed August 12, 2019. Plaintiff Coast 360 Federal Credit Union ("Coast 360" or "Plaintiff") is represented by Attorney William B. Brennan. Defendant Richard T. Damian ("Mr. Damian" or "Defendant") is currently *pro se*.[1] Having reviewed the pleadings and considered the arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On May 23, 2017, Plaintiff Coast 360 Federal Credit Union ("Coast 360" or "Plaintiff") filed a Complaint in this matter seeking *inter alia*, the imposition and foreclosure of an equitable lien on certain real property located in Guam ("the Property"). The funds, which were used primarily to improve on the Property, were issued pursuant to a loan agreement and note

---

[1] Defendant was previously represented by Attorney Joseph C. Razzano ("Attorney Razanno"). On August 30, 2019, Attorney Razzano moved to withdraw as Defendant's counsel, noting a breakdown in communication despite counsel's numerous attempts to contact the Defendant. Subsequently, the Court finding good cause, granted Attorney Razanno's Motion to Withdraw on September 24, 2019.

executed by the Defendant's nephew and secured by a mortgage on the Property in favor of the Plaintiff. Defendant Richard T. Damian ("Mr. Damian" or "Defendant") is the title holder of the Property at issue in the Complaint.

Mr. Damian was served with the Complaint and Summons in Hawaii on May 28, 2017. Mr. Damian subsequently, filed his Answer on May 22, 2018. The Court issued a Scheduling Order and Discovery Plan on June 29, 2018, and the parties subsequently engaged in discovery. Thereafter, on September 24, 2018, the Defendant filed a Motion for Summary Judgment.

On September 28, 2018, the Plaintiff noticed the first deposition of the Defendant. The deposition was to be conducted via video conference on October 10, 2018, at 9:00 a.m. CST, and October 9, 2018, at 1:00 p.m. HST. The Notice was served on Counsel for the Defendant. However, at the request of Defendant's Counsel, the parties agreed to reschedule the Defendant's deposition. In addition, Plaintiff's Counsel also requested the Defendant's assistance in coordinating a site visit to inspect the Property. The Defendant has since failed to respond to the Plaintiff's request to visit or inspect the Property.

On January 30, 2019, the Plaintiff noticed the deposition of the Defendant for a second time. The deposition was to be conducted via video conference on February 21, 2019, at 10:00 a.m. CST, and February 20, 2019, at 2:00 p.m. HST. The second deposition date was prearranged with Defendant's Counsel to assure the Defendant's availability, and to assure the availability of a court reporter and video conferencing service in Hawaii in advance of the Amended Notice. The Amended Notice was served on Counsel for the Defendant. The Defendant failed to appear on February 21, 2019, for the second noticed deposition. Counsel for the Defendant however, was present for Mr. Damian's second noticed deposition.

On June 24, 2019, after coordinating with Defendant's Counsel, the Plaintiff noticed the deposition of the Defendant for a third time. The deposition was to be conducted via video conference on July 11, 2019, at 10:00 a.m. CST, and July 10, 2019, at 2:00 p.m. HST. The third Notice was served on Counsel for the Defendant. The Defendant failed to appear on July 11, 2019, for the third noticed deposition. Counsel for the Defendant however, was also present for Mr. Damian's third noticed deposition.

On August 12, 2019, the Plaintiff filed the instant motion requesting that the Court sanction the Defendant for failing to appear at the two separate and duly-noticed depositions, and for failing to respond to the Plaintiff's request to inspect the Property at issue. Specifically, the Plaintiff requests that the Court order Mr. Damian to pay reasonable costs and attorney fees related to the duly noticed depositions, as well as the instant motion. Further, the Plaintiff requests that the Court also strike the Defendant's Answer and enter default accordingly as a result of Mr. Damian's willful conduct that has hindered the Plaintiff's ability to conduct discovery in this matter.

The Defendant, on the other hand, argues that the Plaintiff's motion does not comply with the procedural rules of this Court. Specifically, the Defendant maintains that the Plaintiff failed to satisfy certain requirements before filing the instant discovery dispute and therefore, argues that the Court should decline to hear or decide the Plaintiff's motion. The Defendant asserts that the applicable rules require that the parties must first meet and confer to discuss discovery disputes, provide a certification for those disputes arising from the failure to respond to inspection requests, and file a stipulation outlining the remaining issues before seeking court intervention. Further, in his Opposition filed September 16, 2019, the Defendant includes a Cross-Motion for Sanctions requesting that the Court sanction the Plaintiff for failing to satisfy the procedural prerequisites before filing the instant motion. In its Reply filed on September 23, 2019, the Plaintiff contends that the Defendant's cross-motion is not properly before the Court and thus, the Court should decline to address the Defendant's request for sanctions.

On September 24, 2019, a hearing was held on the instant motion. At the hearing, the Court also granted Attorney Razzano's Motion to Withdraw as counsel. Nevertheless, the Court accepted the arguments on the parties' briefs and subsequently took the matter under advisement.

## DISCUSSION

**I.**     **The Plaintiff is not required to provide a certification of good faith efforts to resolve the Defendant's failure to appear at his own duly noticed depositions before seeking court intervention.**

Rule 37 of the Guam Rules of Civil Procedure ("GRCP") provides, in relevant part, that if a party fails to attend his or her own deposition, after being served with proper notice, the Court on motion may make such orders in regard to the failure as are just, including any action authorized under Rule 37(b)(2)(A)-(C). See Guam R. Civ. P. 37(d)(1). Further, Rule 37 provides that "[i]n lieu of any order or in addition thereto, the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Guam R. Civ. P. 37(d) (emphasis added). Rule 37(d) however, treats a party's failure to attend his or her own deposition differently than the failure of a party to serve answers to interrogatories or respond to a request for inspection. See Guam R. Civ. P. 37(d)(2)-(3). The Rule states "[a]ny motion specifying *a failure under clause [37(d)(2) or (3)]* shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." Guam R. Civ. P. 37(d) (emphasis added).

Here, while the Defendant claims that Rule 37(d) requires that the Plaintiff certify that the parties met and conferred or attempted to meet and confer in good faith, it is clear that such requirement explicitly applies only to motions specifying a failure "under clause (2) or (3) of [37(d)]" – that is, a party's failure to serve answers to interrogatories or respond to requests for inspection. See Guam R. Civ. P. 37(d). In the instant motion, the Plaintiff moves for sanctions based on the Defendant's failure to attend two duly noticed depositions under Rule 37(d)(1). See Guam R. Civ. P. 37(d)(1). Thus, because the Plaintiff seeks sanctions solely under 37(d)(1), no meet and confer, or certification of good faith efforts to resolve the Defendant's failure to attend his own duly noticed depositions, is required under the plain language of Rule 37(d).

Similarly, CVR 37.1 of the Local Rule of the Superior Court of Guam is inapplicable to a motion for sanctions for a party's failure to attend his or her own duly noticed deposition. CVR 37.1 provides, in relevant part, "[p]rior to the filing of any motion relating to a *discovery*

*dispute,* counsel for the parties shall meet or attempt to meet in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." CVR 7.1(a) (emphasis added). Further, CVR 37.1 imposes other procedural requirements including *inter alia* a stipulation or declaration of counsel discovery issues remain unresolved. See CVR 37.1(b). Here, the Plaintiff is not seeking to compel discovery. The Plaintiff's Motion for Sanctions merely seeks monetary and/or equitable remedies for the Defendant's failure to attend his own deposition and therefore, is essentially, neither a discovery motion nor a motion concerning a discovery dispute. See Mendez, 2008 WL 11381785 at *1 ("Rules 37.1 and 37.2 of the Local Rules of Civil Procedure are inapplicable to a motion for sanctions brought pursuant to Rule 37(d) of the Federal Rules of Civil Procedure because Rule 37(d) is not a motion for discovery"). Accordingly, the requirements of CVR 37.1 related to discovery disputes are not applicable to the Plaintiff's Motion for Sanctions for the Defendant's failure to attend his duly noticed depositions.

Further, the Defendant's interpretation that CVR 37.1's meet and confer requirement applies to a motion for sanctions under Rule 37(d)(1) of the GRCP would add a requirement by the Local Rules that is inconsistent with the GRCP. See GR 1.1(c) ("These Rules supplement the Guam Rules of Civil Procedure and . . . shall be construed so as to be consistent with the [GRCP]") see also CVR 1.1 ("the provisions of the Civil Rules shall apply . . . except where they may be inconsistent with rules or provisions of law specifically applicable thereto"). Therefore, the Court rejects the Defendant's interpretation. As explained above, Rule 37(d)(1) specifically exempts motions for a party's failure to attend a duly noticed deposition from any meet and confer, certification, or stipulation requirement. See Guam R. Civ. P. 37(d)(1).

Accordingly, having determined that the Plaintiff was not required under GRCP 37 or CVR 37.1 to meet and confer or provide a certification of good faith efforts to resolve the Defendant's failure to appear at his own duly noticed depositions, the Court will now address the merits of the Plaintiff's Motion for Sanctions[2].

---

[2] Having found that the Plaintiff did not fail to follow the requirements of GRCP 37(d) or CVR 37.1, the Court need not address the issues relating to the Defendant's Cross-Motion for Sanctions.

## II.      Plaintiff's Motion for Sanctions

Rule 30 of the GRCP authorizes a party to take the oral deposition of "any person, including a party . . . without leave of court." See Guam R. Civ. P. 30(a)(1). In other words, no subpoena is needed to compel the deposition of a party to an action. The only requirement is that the party be served with proper notice of the deposition beforehand. See Guam R. Civ. P. 30(b)(1); see also Jules Jordan Video, Inc. v. 144942 Can. Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) (finding that a "simple notice of deposition is sufficient to compel [a party's] attendance"). As determined above, where a party to an action fails to attend his or her own deposition, after being served with proper notice, the Court on motion may make such orders in regard to the failure as are just. Guam R. Civ. P. 37(d)(1). Further, "[i]n lieu of any order or in addition thereto the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Guam R. Civ. P. 37(d) (emphasis added). In other words, the Court *must* impose reasonable expenses and attorney's fees on the failing party if the party's failure to appear at his or her own deposition was not substantially justified and if no other circumstances make such sanction unjust. Id.

Here, it is undisputed that the Defendant was duly notified of all three depositions scheduled for October 2018, February 2019, and July 2019. At the request of Defendant's counsel, the October 2018 deposition was rescheduled. The Defendant however, failed to appear for both depositions rescheduled for February 2019, and again for July 2019. The Defendant does not provide the Court with any explanation to substantially justify his failure to attend the properly noticed depositions. Further, there are no other circumstances that would make an award of reasonable costs and attorney's fees particularly unjust in this instance. The Court however, notes that for each attempted deposition, counsel for both parties remained in contact with each other in order to coordinate dates and times between Guam and Hawaii, and to assure the Defendant's availability well in advance of noticing the depositions. The Court also recognizes that Counsel for the Defendant has had communication difficulties with the

Defendant despite counsel's diligent efforts to advance Mr. Damian's defense. Accordingly, because the Defendant failed to attend his duly noticed deposition not only once, but twice, even after numerous attempts to accommodate the Defendant, the Court hereby **SANCTIONS** the Defendant for failing to appear at the properly noticed depositions scheduled for February 2019 and July 2019. The Court hereby **ORDERS** Mr. Damian to pay to the Plaintiff those reasonable costs and attorney's fees related to the two missed depositions, as well those reasonable costs and expenses related to the instant Motion.

### III. Plaintiff's request for additional sanctions beyond fees and costs.

In addition to the Court imposing reasonable costs and attorney's fees, the Plaintiff requests that the Court also impose a sanction on the merits. Specifically, the Plaintiff requests that the Court strike the Answer and enter default judgment against the Defendant for his failure to attend his own depositions and to respond to the Plaintiff's request to inspect the Property. The Plaintiff asserts that the Defendant has willfully frustrated the Plaintiff's ability to complete discovery in this matter thereby prejudicing the Plaintiff and causing significant delay. Thus, the Plaintiff argues default against the Defendant is also warranted.

Default judgments are an available sanction under Rule 37 of the GRCP, and may be used, at the discretion of the trial court, where there has been "flagrant, bad faith disregard of discovery duties." See Fargo Pac., Inc. v. Imamura, No. CV96-0049A, 1997 WL 208983, at *3 (D. Guam Apr. 21, 1997), aff'd, 166 F.3d 1217 (9th Cir. 1998) (citing Wanderer v. Johnston, 910 F.2d 652, 655-656 (9th Cir. 1990)); see also National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 340 (1976) (default as a Rule 37 sanction is authorized only where the failure to comply is due to willfulness, bad faith, or fault of the party). In other words, a finding of willfulness, bad faith, or fault on the party is *required prior to entering default* as a discovery sanction. Id. (emphasis added). Further, due to the drastic and dispositive nature of default as a sanction tool, it is authorized only in extreme circumstances. Id. at (citing Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334 (9th Cir. 1985).

Here, although the Plaintiff maintains that the Defendant's conduct was willful, there are no *specific facts* before the Court to support a finding that Defendant's conduct satisfied the

threshold requirements of extreme circumstances, willfulness, or bad faith. Other than a conclusory statement that the Defendant's failure to appear at his own depositions and respond to a request for inspection was willful, the record is devoid of any discussion regarding the reasons for the Defendant's absences or failure to respond. Thus, for that reason and without more, the Court cannot make the threshold finding of extreme circumstances, willfulness, or bad faith required to support default as a sanction against the Defendant[3]. Accordingly, the Court declines to impose the extreme sanction of default against the Defendant, and finds imposing attorney's fees and costs is in an appropriate sanction at this time.

## CONCLUSION

For the foregoing reason, the Court **GRANTS** the Plaintiff's Motion for Sanctions. Accordingly, the Court hereby **SANCTIONS** the Defendant for failing to appear at the properly noticed depositions scheduled for February 2019 and July 2019. The Court hereby **ORDERS** Mr. Damian to pay to the Plaintiff those reasonable costs and attorney's fees related to the two missed depositions, as well those reasonable costs and expenses related to the instant Motion. Further, the Court declines to impose the extreme sanction of default against the Defendant, and finds that imposing attorney's fees and costs is in an appropriate sanction at this time.

**IT IS SO ORDERED** _____ NOV 1 3 2019 _____.

SERVICE VIA COURT BOX
... ...dge that a copy of the
... ...reto was placed in the
... ...f:

Arriola

17/13/19 ...me: 2P
Ornarman
...rk, Superior Court of Guam

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

---

[3] Having determined that the record lacks the facts necessary to support a threshold finding of extreme circumstances, willfulness, or bad faith, the Court need not analyze the factors determinative of whether the entry of default as a sanction is proper. See Wanderer v. Johnston, 910 F.2d 652, 654 (9th Cir. 1990).